**DYKEMA GOSSETT LLP**
JOHN L. VIOLA, SBN: 131407
jviola@dykema.com
TAMARA A. HUSBANDS, SBN: 197153
thusbands@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Attorneys for Defendant
AMEX ASSURANCE COMPANY

FILED
08 JAN 17 PM 4:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY JANE GAFFNEY-TERRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMEX ASSURANCE COMPANY, and DOES 1-25,<br><br>Defendants. | Case No. '08 CV 0106 H CAB<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY JURISDICTION)** |

**PLEASE TAKE NOTICE** that Defendant Amex Assurance Company ("Defendant") hereby removes to this Court the state court action described below.

1. On November 6, 2007, an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled *Mary Jane Gaffney-Terry, v. Amex Assurance Company*, and Does 1-25, Defendants, as case number 37-2007-00080231-CU-BC-NC (the "State Court Action"). True and correct copies of all process, pleadings and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

2. Defendant was served with the complaint and summons from the said state court on December 18, 2007.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of Defendant's receipt of the initial pleading setting forth the claim for relief upon which this action is based.

4. On January 16, 2008, Defendant filed an answer to the complaint in the State Court Action. A copy of Defendant's answer is attached hereto as Exhibit B.

5. Other than Defendant, no other defendants have been named or served with the summons and complaint.

6. No other defendants have been identified by Plaintiff, except as unknown "Doe" defendants.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that there is diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c) and exceeds the sum of two hundred thousand dollars ($200,000), exclusive of interests and costs. [See Ex.1, complaint, ¶ 48]. Plaintiff also seeks punitive damages.

8. At the time the State Court Action was filed, Plaintiff was, and still is, a citizen of the state of California

9. Defendant is not a citizen of the State of California. Defendant AMEX Assurance Company is incorporated in and a citizen of the State of Illinois, with its principal place of business in De Pere, Wisconsin.

10. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly, the citizenship of Does 1 through 25 should not be considered when determining whether jurisdiction based on diversity of citizenship exists in this case.

11. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served timely upon Plaintiff, through her counsel of record, and a copy of this Notice of Removal will be filed timely with the Superior Court.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

WHEREFORE, AMEX ASSURANCE COMPANY, respectfully removes this action, currently pending in the Superior Court of the State of California for the County of San Diego, as Case No. 37-2007-00080231-CU-BC-NC, to the United States District Court, Southern District of California.

Dated: January 15, 2008

JOHN L. VIOLA
TAMARA A. HUSBANDS
DYKEMA GOSSETT LLP

By: [signature]
John L. Viola
Tamara A. Husbands
Attorneys for Defendant
AMEX ASSURANCE COMPANY

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PAS01\65162.1
ID\TAHU

12/18/07 855A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
AMEX ASSURANCE COMPANY, an Illinois corporation; and DOES 1-25,

FILED
Clerk of the Superior Court
DEC 13 2007

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARY JANE GAFFNEY-TERRY, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court - North County Regional Center
325 S. Melrose Dr.
Vista, CA 92081

CASE NUMBER: *(Número del Caso):* 37-2007-00080231-CU-BC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Henry Harmeling IV, APC
550 W. C St., Suite 2000, San Diego, CA 92101
Phone: (619) 814-3505
Fax: (858) 408-2405

DATE: *(Fecha)* DEC 13 2007 Clerk, by *(Secretario)* (S) L. Plasencia , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: AMEX ASSURANCE COMPANY
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Henry Harmeling IV, SBN 207673
Law Offices of Henry Harmeling IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
TELEPHONE NO.: (619) 814-3505 FAX NO.: (858) 408-2405
ATTORNEY FOR (Name): Plaintiff MARY JANE GAFFNEY-TERRY

FOR COURT USE ONLY

FILED
07 DEC -6 PM
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Gaffney-Terry v. AMEX Assurance Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2007-00080231-CU-BC-NC |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2007
Henry Harmeling IV
(TYPE OR PRINT NAME)

▶ [signature] IV
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 325 S. Melrose |
| MAILING ADDRESS: | 325 S. Melrose |
| CITY AND ZIP CODE: | Vista, CA 92081 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 806-6349 |
| PLAINTIFF(S) / PETITIONER(S): | Mary Jane Gaffney-Terry |
| DEFENDANT(S) / RESPONDENT(S): | Amex Assurance Company |
| GAFFNEY-TERRY VS. AMEX ASSURANCE COMPANY | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: 37-2007-00080231-CU-BC-NC |

Judge: Thomas P. Nugent

Department: N-30

**COMPLAINT/PETITION FILED:** 12/06/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

Henry Harmeling IV, State Bar No. 207673
LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, California 92101
TEL: (619) 814-3505
FAX: (858) 408-2405

Attorneys for Plaintiff MARY JANE GAFFNEY-TERRY

07 DEC -6 PM 12:
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO - NORTH COUNTY REGIONAL CENTER**

| | |
|---|---|
| MARY JANE GAFFNEY-TERRY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMEX ASSURANCE COMPANY, an Illinois corporation; and DOES 1-25,<br><br>Defendants. | Case No.: 37-2007-00080231-CU-BC-NC<br><br>Dept.:<br>Judge:<br><br>**COMPLAINT FOR MONETARY DAMAGES FOR:**<br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3. FINANCIAL ABUSE OF AN ELDER**<br><br>Complaint Filed:<br>Trial Date: None Set |

**GENERAL ALLEGATIONS**

1. Plaintiff MARY JANE GAFFNEY-TERRY is, and at all relevant times was, a resident of the County of San Diego, State of California. Mrs. Gaffney-Terry is, and at all relevant times was, over the age of 65.

2. Defendant AMEX ASSURANCE COMPANY. ("AmEx") is, and at all relevant times was, an Illinois corporation that maintains its principle place of business in Green Bay, Wisconsin. AmEx is the holder of a Certificate of Authority (Certificate Number 2467-9) issued by the Insurance Commissioner of California to act in the capacity of a Property and Casualty Insurer.

///



LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel: 619.814.3505
Fax: 858.408.2405

3. The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 25, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the defendants fictitiously name herein as DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings herein after referred to, and thereby proximately caused the injuries and damages to Plaintiff as herein after alleged. Plaintiff will seek leave of court to amend this complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

4. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 25, inclusive, were the agents, servants, employees and/or joint ventures of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principle, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

5. This Court has jurisdiction over this action and venue is proper in this court because the amount prayed for in this complaint, exclusive of costs and interest, exceeds the sum of $25,000. Plaintiff MARY JANE GAFFNEY-TERRY is a resident of the above-entitled judicial district, and the claims herein arose from conduct which took place within the above-entitled judicial district, thereby subjecting itself and this dispute to adjudication in the Superior Court of San Diego, North County Regional Center.

**STATEMENT OF FACTS**

6. Plaintiff MARY JANE GAFFNEY-TERRY purchased a $200,000 Accident Guard Plan, Certificate Number 00031175 ("the Policy"), on her late husband, James Leon Terry, from Defendant AMEX ASSURANCE COMPANY. (See Exhibit "A" hereto.)

7. Mrs. Gaffney-Terry initially purchased a $100,000 Accidental Death Coverage with a $10,000 Reward in or about 1999. In or about 2001, the Policy coverage amount was increased to $150,000. In or about 2003, the Policy coverage amount was increased to $200,000.

///

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

8. AmEx advertises that the Accident Guard plan "[p]ays benefits in addition to any other insurance coverage you may have."

9. In or about 2000, Mr. Terry was diagnosed with chronic obstructive pulmonary disease (COPD). He lived relatively comfortably with COPD from approximately 2000 until his death.

10. On August 16, 2006, James Leon Terry severely injured his hip when he fell in his home. The injury was characterized as an intratrochanteric fracture of the right hip, for which Mr. Terry underwent open reduction and internal fixation on August 17, 2006. Mr. Terry was hospitalized from August 17, 2006 to August 22, 2006, and thereafter was placed for 19 days in the Life Care Center of Vista, where he underwent physical therapy and rehabilitation while recovering from his injury. He was discharged from Life Care Center from Vista on or about September 9, 2006.

11. Following the surgery on his hip, Mr. Terry continued to experience abnormal levels of pain in the hip. On or about October 31, 2006, x-rays taken of Mr. Terry's right hip revealed that the pin in his hip had moved and that he had experienced bone deterioration following the August 17, 2006 surgery. Mr. Terry was allowed to return home but was ordered to stay off of his feet. With his COPD, Mr. Terry knew that staying off of his feet could lead to a deterioration of his health, but he was advised by his doctors that if he were to put weight on the pin in his hip it could cause the pin in his hip to move, and that such movement would be potentially life-threatening. Mr. Terry's treating doctors specifically instructed him not to walk on his right leg. Mr. Terry was scheduled for a follow-up visit at Tri City Medical Center in late November 2006. Mr. Terry had no control over the scheduling of the follow-up appointment.

12. At the follow-up appointment in late November 2006, Mr. Terry was advised that the first surgery on his right hip had been unsuccessful and that doctors would need to go back in and perform a complete hip replacement.

13. As Mr. Terry was disappointed that his first hip surgery had been unsuccessful, and as the initial surgery had been performed at Tri City Medical Center, Mr. Terry sought a second opinion from Scripps Green Hospital in La Jolla, California.

14. In early December 2006, Mr. Terry saw an orthopedic surgeon at Scripps Green Hospital in La Jolla. The orthopedic surgeon confirmed that Mr. Terry needed a right hip replacement following his August 16, 2006 fall, and surgery was scheduled for January 2007.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

15. As a prerequisite to his right hip replacement, the doctors at Scripps Green Hospital required that Mr. Terry take a stress test to ensure that his heart was capable of making it through hip replacement surgery. Mr. Terry passed his stress test, and doctors put a stent in his heart to ensure optimal performance with major surgery looming. Mr. Terry was cleared by his cardiologist for surgery.

16. Throughout November 2006 and December 2006, Mr. Terry was ordered by doctors at both Tri City Medical Center and Scripps Green Hospital to avoid weight-bearing on his hip and to stay off of his feet as much as possible.

17. In the middle of December 2006, Mr. Terry developed pneumonia as a result of being bed-ridden while he awaited his January 2007 hip replacement surgery. He was placed on a high dosage of antibiotics in an attempt to ward off the illness.

18. On or about December 27, 2006, Mr. Terry found himself in extreme distress and was having great difficulty breathing. He was admitted to the emergency room on December 26, 2006, and thereafter was taken into the intensive care unit ("ICU"). In the ICU, Mr. Terry was treated by a pulmonologist, a cardiologist, and his primary care physician. The orthopedic surgeon was on standby waiting to perform Mr. Terry's hip replacement surgery.

19. It was determined while Mr. Terry was in the ICU that he was not physically capable of undergoing hip replacement surgery. His condition deteriorated, and on January 15, 2007 at 3:15 a.m., Mr. Terry passed away.

20. On or about January 17, 2007, Mrs. Gaffney-Terry was advised by the Office of the Medical Examiner that Mr. Terry's body had been taken from the mortuary in order for an examination to be performed.

21. The San Diego County Office of the Medical Examiner produced two reports - an External Examination Report ("EER") and an Investigative Report ("IR"). The IR listed the "Incident" relating to the cause of death as the August 16, 2006 fall at the Terry residence.

///

///

///

///

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

22. The EER stated, "According to the Investigative Report and available records, this 74 year old man fell at home on August 16, 2006. He was taken to a hospital where he was diagnosed with a hip fracture, which was repaired the next day. He continued to have problems with the hip and needed to have surgical revision. However, his course was complicated by pneumonia and exacerbation of his chronic obstructive pulmonary disease. His medical history also included peripheral vascular disease, peptic ulcers and coronary artery disease with stents. He was admitted to the hospital on December 27, 2006 for respiratory problems and apparent pneumonia and died on January 15th." The EER concluded that the manner of death was an "Accident," and the report stated, "Because the hip fracture is considered contributory to the death, the death is classified as an accident."

23. On the fourth page of the EER, there are three choices available under MANNER of death: natural, accident, or suicide. "Accident" is encircled. Additionally, the August 17, 2006 internal fixation of the right hip fracture is referenced under the category SURGERIES.

24. On the County of San Diego Certificate of Death, the causes of death are listed as pneumonia (2 weeks) and COPD (years). Other significant conditions contributing to the death include "HIP FRACTURE." Again, the August 17, 2006 surgery is referenced in relation to the hip fracture.

25. Mrs. Gaffney-Terry made three claims on accidental death policies following James Leon Terry's death. Both Hartford and Mutual of Omaha paid out on their respective policies timely and without dispute. AmEx, in spite of its promise that it "[p]ays benefits in addition to any other insurance coverage you may have," denied Mrs. Gaffney-Terry's claim.

26. In a letter to Mrs. Gaffney- Terry dated June 12, 2007, AmEx cited the following policy exclusion:

> "The benefits under this policy will not be paid if the loss for which coverage is sought was directly or indirectly, wholly or partially, contributed to or caused by any of the following:
>
> . . .6. Any disease, illness, or infirmity."

27. In the same June 12, 2007 correspondence to Mrs. Gaffney-Terry, AmEx concluded that Mr. Terry's death "was directly or indirectly, wholly or partially, contributed to or caused by the result of disease, illness, or infirmity. Therefore, we must respectfully decline payment of this claim."

///

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

28. In California, "[t]he presence of preexisting disease or infirmity will not relieve the insurer from liability if the accident is the proximate cause of death; and that recovery may be had even though a diseased or infirm condition appears to actually contribute to the cause of death if the accident sets in progress the chain of events leading directly to death, or if is the prime or moving cause." (*Brooks v. Metropolitan Life Insurance Company* (1945) 27 Cal.2d 305, 309-310.) In short, the exclusion relied upon by AmEx to deny Mrs. Gaffney-Terry's claim is wholly and completely inapplicable as long as the August 16, 2006 hip fracture can be shown to be cause that "sets in progress the chain of events" leading to James Leon Terry's death.

29. In California, "It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. If semantically permissible, the contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates." (*City of Santa Monica v. Royal Indemnity Co.* (1958) 157 Cal.App. 50, 54 (citing *Continental Casualty Co. v. Phoenix Construction Co.* (1956) 46 Cal.2d 423, 437).)

30. In California, "It is also the rule that exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured." (*City of Santa Monica,* supra, 157 Cal.App. at 54.)

31. On or about October 9, 2007, counsel for Mrs. Gaffney-Terry requested that AmEx pay the benefits due to Mrs. Gaffney-Terry under the Policy, citing the law as set forth more fully above herein.

32. On or about October 18, 2007, counsel for Mrs. Gaffney-Terry followed up on the October 9, 2007 correspondence with a letter to AmEx regarding financial abuse of an elder in California, which is defined as "when a person or entity takes, secretes, appropriates, or retains real or personal property of an elder to a wrongful use or with intent to defraud, or both. A person or entity shall be deemed to have retained property for a wrongful use if the person or entity retains possession of property in bad faith. A person or entity shall be deemed to have acted in bad faith if the person or entity knew or should have known that the elder had the right to have the property transferred or made readily available to the elder. A person or entity should have known the elder had the right to have the property transferred if it is obvious to a reasonable person that the elder has such a right." (Cal. Welfare & Institutions Code § 15610.30.) In the instant case, it was obvious to both Hartford and Mutual of Omaha that Mrs. Gaffney-Terry, who is over 65 years old and resides in the State of California, was entitled to the benefits under accidental death policies. AmEx, however, has wrongfully denied the benefits due and owing to Mrs. Gaffney-Terry.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel: 619.814.3505
Fax: 858.408.2405

33. On or about November 2, 2007, AmEx reaffirmed its denial of Mrs. Gaffney-Terry's claim. AmEx concluded there was "[n]o evidence that [Mr. Terry] had severe complications or was bedridden and non-ambulatory" as a result of his hip fracture, and again cited the following policy exclusion:

"The benefits under this policy will not be paid if the loss for which coverage is sought was directly or indirectly, wholly or partially, contributed to or caused by any of the following: . . .6. Any disease, illness, or infirmity."

34. AmEx's November 2, 2007 correspondence concluded that the August 16, 2006 accident "was not the proximate cause or the prime or moving cause of Mr. Terry's death."

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

Comes now plaintiff, MARY JANE GAFFNEY-TERRY, and for causes of action against defendants, AMEX ASSURANCE COMPANY, an Illinois corporation; and DOES 1 through 25, inclusive, complains and alleges as follows:

35. Plaintiff incorporates by reference the paragraphs set forth above.

36. Pursuant to the terms of the Policy, AmEx was obligated to pay to Mrs. Gaffney-Terry the sum of $200,000 if James Leon Terry's death was caused by "a sudden event resulting from an act of another not provoked or instigated by the Covered Person, or an act of the Covered Person the result of which reflects a material departure from the Covered Person's expectations and which event is neither caused by disease, illness, or infirmity, nor by the voluntary ingestion, injection or inhalation of any substance." (Accident Guard, Certificate No. 00031175, Exhibit "A" hereto.)

37. On or about August 16, 2006, James Leon Terry (the "Covered Person" under the Policy), suffered a tragic fall in his home in which he fractured his hip. On or about August 16, 2007, Mr. Terry had surgery on his hip, however the surgery failed. Mr. Terry, who had been living with COPD for many years, was ordered off of his feet pending a complete hip replacement surgery, which was scheduled for January 2007. Staying off of his feet caused fluid to build up in Mr. Terry's lungs and, in December 2006, Mr. Terry came down with pneumonia. On January 15, 2007, Mr. Terry died from pneumonia and an exacerbation of his COPD, brought on from being bedridden as a result of his pending hip replacement.

38. On or about March 15, 2007, Mrs. Gaffney-Terry made a claim for the Policy proceeds.

///

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

39. Both the County of San Diego Medical Examiner's Investigative Report and External Examination Report conclude that Mr. Terry's death was caused by accident, and the accident referenced in each of the aforementioned reports is the August 16, 2006 fall. Similarly, the Certificate of Death lists the hip fracture as a "significant condition contributing to the death." The Certificate of Death also concludes the manner of death was an accident, and refers to the August 16, 2006 fall.

40. On or about June 12, 2007, AmEx sent Mrs. Gaffney-Terry a letter denying her claim for benefits under the Policy.

41. AmEx's denial of policy benefits due Mrs. Gaffney-Terry constitutes a breach of AmEx's contractual obligations to Mrs. Gaffney-Terry to pay Mrs. Gaffney-Terry benefits in the amount of $200,000 due under the Policy.

42. Mrs. Gaffney-Terry was harmed and suffered actual damages as a results of Defendants' breach.

**SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

43. Plaintiff incorporates by reference the paragraphs set forth above.

44. Defendant AmEx issued to Mrs. Gaffney-Terry a policy of insurance that called for accidental death benefits of $200,000 to be paid in the event that James Leon Terry were to die as the result of an accident. As set forth more particularly above, Mr. Terry died on January 15, 2007, and both the County of San Diego Certificate of Death and County of San Diego Office of the Medical Examiner classify the death as an accident. As set forth more particularly above,

45. Under California law, the gravamen of the wrong in a bad faith action is the unreasonable failure to pay all benefits due under the terms of a policy. As set forth more particularly above, the insurer has a duty to find coverage. ("If semantically permissible, the contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates.")

46. AmEx cannot take an unreasonable stance on the validity of a defense nor investigate the claim with a conscious disregard of facts which might support coverage. Here, AmEx has consciously disregarded the fact that Mr. Terry's August 16, 2006 hip surgery, and the failed surgery of August 17, 2006, led Mr. Terry to be bedridden throughout the latter part of 2006, and resulting in his death in January 2007.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

47. An insurer may also be liable for bad faith if it unreasonably denies payment on a claim. In the instant case, it is abundantly clear that Mr. Terry's death was caused by an accident, and/or the proximate cause (i.e., the event that set the other events in motion) was the August 16, 2006 fall. Two other insurers, Hartford and Mutual of Omaha, paid immediately on accidental death policies following claims made by Mrs. Gaffney-Terry related to Mr. Terry's death. There were three insurers total from whom Mrs. Gaffney-Terry had purchased accidental death policies. Two of the insurers paid on the claims; AmEx unreasonably denied payment on Mrs. Gaffney-Terry's claim.

48. Mrs. Gaffney-Terry has been damaged in the amount of at least $200,000 as a result of AmEx's failure to pay all benefits due under the Policy. Mrs. Gaffney-Terry has also suffered extreme mental anguish and has incurred attorney's fees as a result of AmEx's improper denial of benefits under the Policy.

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

## THIRD CAUSE OF ACTION FOR FINANCIAL ABUSE OF AN ELDER

49. Plaintiff incorporates by reference the paragraphs set forth above.

50. Financial abuse of an elder is defined as "when a person or entity takes, secretes, appropriates, or retains real or personal property of an elder to a wrongful use or with intent to defraud, or both. A person or entity shall be deemed to have retained property for a wrongful use if the person or entity retains possession of property in bad faith. A person or entity shall be deemed to have acted in bad faith if the person or entity knew or should have known that the elder had the right to have the property transferred or made readily available to the elder. A person or entity should have known the elder had the right to have the property transferred if it is obvious to a reasonable person that the elder has such a right." (Cal. Welfare & Institutions Code § 15610.30.)

51. In the instant case, it was obvious to both Hartford and Mutual of Omaha that Mrs. Gaffney-Terry, who is over 65 years old and resides in the State of California, was entitled to the benefits payable under their respective accidental death policies. AmEx, however, has wrongfully denied the benefits due and owing to Mrs. Gaffney-Terry.

///

///

///

WHEREFORE, Plaintiff MARY JANE GAFFNEY-TERRY prays for judgment against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages in an amount according to proof;
3. For prejudgement interest, according to proof;
4. For punitive damages related thereto, according to proof;
5. For disgorgement of gratis and monies unlawfully received;
6. For costs of suit incurred herein;
7. For Plaintiff's attorneys fees;
8. For enhanced penalties; and
8. For such other further relief as this court may deem just and proper.

Dated: November 20, 2007

Law Offices of Henry Harmeling IV, APC

Henry Harmeling IV
Attorneys for Plaintiff MARY JANE GAFFNEY-TERRY

LAW OFFICES OF HENRY HARMELING IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101
Tel.: 619.814.3505
Fax: 858.408.2405

FILED
NORTH COUNTY DIVISION
08 JAN 16 PM 2:30
(20)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

DYKEMA GOSSETT LLP
JOHN L. VIOLA, SBN: 131407
TAMARA A. HUSBANDS, SBN: 197153
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
AMEX ASSURANCE COMPANY

BY FAX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**NORTH COUNTY REGIONAL CENTER**

| | |
|---|---|
| MARY JANE GAFFNEY-TERRY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>AMEX ASSURANCE COMPANY, an Illinois Corporation; AND DOES 1-25;<br><br>Defendants. | Case No. 37-2007-00080231-CU-BC-NC<br><br>Case Assigned for All Purposes to Hon. Thomas P. Nugent<br><br>Complaint Filed: December 6, 2007<br><br>**DEFENDANT AMEX ASSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant AMEX ASSURANCE COMPANY ("AMEX") answers plaintiff's unverified Complaint as follows:

1. Pursuant to Section 431.30 of the California Code of Civil Procedure, defendant denies each and every allegation contained in each and every paragraph of plaintiff's Complaint. AMEX specifically denies that plaintiff has been damaged in any amount whatsoever and further denies that plaintiff is entitled to recover any damages. Further answering the Complaint, AMEX asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

2. Plaintiff's Complaint fails to allege facts sufficient to state a cause of action.



DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**SECOND AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

3. To the extent that any of plaintiff's claims are based upon the theory that there exists an implied covenant of good faith and fair dealing in an insurance contract, this doctrine, as applied by California courts, is unconstitutional pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 2, 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

**THIRD AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

4. The Complaint against AMEX is barred in whole or in part by the terms, definitions, exclusions, conditions, and limitations contained in the AMEX Accident Guard policy ("Policy") including, but not limited to, those identified in this answer.

**FOURTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

5. The Policy provides a death benefit only if a covered person dies as a result of an "Accident" as that term is defined in the Policy. The Complaint is barred to the extent that it seeks payment of benefits absent a death which occurs as a result of an "Accident."

**FIFTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

6. Plaintiff's Complaint is barred to the extent that it seeks recovery in connection with any loss which was contributed to or caused by "any disease, illness or infirmity."

**SIXTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

7. To the extent that the insured failed to perform all of its obligations under the Policy, plaintiff's Complaint is barred.

**SEVENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

8. Plaintiff is estopped from asserting any entitlement to compensatory or punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

9. Plaintiff has waived any claim to entitlement to compensatory or punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

10. The damages suffered by plaintiff, if any, were directly and proximately caused by the acts, omissions, carelessness, or negligence of plaintiff or its agents. Plaintiff's recovery, if any, should be diminished to the extent that said alleged damages are attributable to said acts, omissions, carelessness, or negligence.

**TENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

11. The damages suffered by plaintiff, if any, were directly and proximately caused by the acts, omissions, carelessness, or negligence of persons other than AMEX. Plaintiff's recovery, if any, should be diminished to the extent that said alleged damages were attributable to said acts, omissions, carelessness, or negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

12. Plaintiff is estopped from asserting any entitlement to the benefits at issue or compensatory damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

13. Plaintiff has waived any claim to entitlement to coverage under the Policy at issue or to compensatory damages.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action Alleged Against AMEX)**

14. California Civil Code Section 3294, under which plaintiff's claims for punitive damages are made against AMEX, if applicable in this action, is invalid on its face or as applied to AMEX, pursuant to Article I, Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

WHEREFORE, AMEX prays for judgment as follows:

1. That plaintiff takes nothing by reason of its Complaint;
2. For costs of suit, including attorneys' fees; and
3. For such other and further relief as the Court deems just and proper.

Dated: January 15, 2008

DYKEMA GOSSETT LLP

By: [signature]
John L. Viola
Tamara A. Husbands
Attorneys for Defendant
AMEX ASSURANCE COMPANY

PAS01\65173.1
ID\TAHU

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On **January 16, 2008**, I served the foregoing document described as **DEFENDANT AMEX ASSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** on all interested parties in this action as follows:

**See attached list.**

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee via Janney & Janney court services.

☐ **(BY OVERNIGHT SERVICE)** Via Federal Express.

☐ **(BY FACSIMILE)** By transmitting in true copy thereof by facsimile from facsimile number (213) 457-1850 to the facsimile number(s) shown above.

☒ (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

☐ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 16 2008**, at Los Angeles, California.

Sharon Bise

Sharon Bise

**Service List**

**MARY JANE GAFFNEY-TERRY v. AMEX ASSURANCE COMPANY, an Illinois corporation, and DOES 1-25**
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO –**
**NORTH COUNTY REGIONAL CENTER**

**Case No.: 37-2007-00080231-CU-BC-NC**

| | |
|---|---|
| **Henry Harmeling IV, Esq.**<br>LAW OFFICES OF HENRY HARMELING IV, APC<br>550 W. "C" Street, Suite 2000<br>San Diego, California 92101<br><br>Telephone: (619) 814-3505<br>Facsimile: (858) 408-2405<br><br>E-mail: hh@hh4law.com | *Attorneys for Plaintiff, Mary Jane Gaffney-Terry* |

PAS01\65164.1
ID\SBI1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On **January 17, 2008**, I served the foregoing document described as **DEFENDANT AMEX ASSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY JURISDICTION)** on all interested parties in this action as follows:

**See attached list.**

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee via Janney & Janney court services.

☐ **(BY OVERNIGHT SERVICE)** Via Federal Express.

☐ **(BY FACSIMILE)** By transmitting in true copy thereof by facsimile from facsimile number (213) 457-1850 to the facsimile number(s) shown above.

☒ (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

☐ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 17, 2008**, at Los Angeles, California.

*Sharon Bise*

Sharon Bise

## Service List

**MARY JANE GAFFNEY-TERRY v. AMEX ASSURANCE COMPANY, an Illinois corporation, and DOES 1-25**
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO –**
**NORTH COUNTY REGIONAL CENTER**

**Case No.: 37-2007-00080231-CU-BC-NC**

| | |
|---|---|
| **Henry Harmeling IV, Esq.**<br>LAW OFFICES OF HENRY HARMELING IV, APC<br>550 W. "C" Street, Suite 2000<br>San Diego, California 92101<br><br>Telephone: (619) 814-3505<br>Facsimile: (858) 408-2405<br><br>E-mail: hh@hh4law.com | *Attorneys for Plaintiff, Mary Jane Gaffney-Terry* |

PAS01\65164.1
ID\SBI1

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED 08 JAN 17 PM 4:08 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

## I. (a) PLAINTIFFS

Mary Jane Gaffney-Terry

**DEFENDANTS**

AMEX Assurance Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Brown (WI)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

'08 CV 0106 H CAB

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Henry Harmeling IV, SBN 207673
Law Offices of Henry Harmeling IV, APC
550 W. C St., Suite 2000
San Diego, CA 92101

ATTORNEYS (IF KNOWN)

John Viola, SBN 131407
Dykema Gossett, LLP
333 S. Grand Ave., Ste. 2100
Los Angeles, CA 90071
213-457-1800

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal of action under 28 U.S.C. section 1441(a)for Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Financial Abuse of An Elder

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 200,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ______ Docket Number ______

DATE 1/16/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

PAID $350 1/17/08 BH RCPT#146559

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 07/89)

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On **January 17, 2008**, I served the foregoing document described as **CIVIL COVER SHEET** on all interested parties in this action as follows:

**See attached list.**

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee via Janney & Janney court services.

☐ **(BY OVERNIGHT SERVICE)** Via Federal Express.

☐ (**BY FACSIMILE**) By transmitting in true copy thereof by facsimile from facsimile number (213) 457-1850 to the facsimile number(s) shown above.

☒ (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

☐ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 17, 2008**, at Los Angeles, California.

Sharon Bise

Sharon Bise

## Service List

**MARY JANE GAFFNEY-TERRY v. AMEX ASSURANCE COMPANY, an Illinois corporation, and DOES 1-25**
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO –**
**NORTH COUNTY REGIONAL CENTER**

**Case No.: 37-2007-00080231-CU-BC-NC**

| | |
|---|---|
| **Henry Harmeling IV, Esq.**<br>LAW OFFICES OF HENRY HARMELING IV, APC<br>550 W. "C" Street, Suite 2000<br>San Diego, California 92101<br><br>Telephone: (619) 814-3505<br>Facsimile: (858) 408-2405<br><br>E-mail: hh@hh4law.com | *Attorneys for Plaintiff,*<br>*Mary Jane Gaffney-Terry* |

PAS01\65164.1
ID\SBI1

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146559 - BH**

**January 17, 2008**
**16:06:33**

**Civ Fil Non-Pris**
USAO #.: 08CV0106 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC# 207656

**Total-> $350.00**

FROM: GAFFNEY-TERRY V. AMEX
CIVIL FILING